**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5103**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARWIN CHARLES BECKSTEAD,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  W. Craig Broadwater, District Judge.  (CR-04-36)

Submitted:  March 20, 2006          Decided:  April 26, 2006

Before WILKINSON, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

L. Richard Walker, Assistant Federal Public Defender, Wheeling, West Virginia, for Appellant.  Thomas E. Johnston, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Darwin Beckstead was convicted by a jury of harboring a fugitive, 18 U.S.C. § 1071 (2000), and sentenced to 41 months imprisonment. He appeals, claiming that the evidence was insufficient to support his conviction and that his sentence was imposed in violation of his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005). For the reasons that follow, we affirm.

Conviction under § 1071 requires that the Government prove beyond a reasonable doubt that: (1) a federal warrant has been issued for the fugitive's arrest, (2) the harborer had knowledge that a warrant had been issued for the fugitive's arrest, (3) the defendant actually harbored or concealed the fugitive, and (4) the defendant intended to prevent the fugitive's discovery or arrest. See United States v. Silva, 745 F.2d 840, 848 (4th Cir. 1984). Here, the evidence, viewed in the light most favorable to the Government, see United States v. Burgos, 94 F.3d 849, 854 (4th Cir. 1996) (en banc), established the following. On March 18, 2004, a federal arrest warrant was issued for Kenny Buzzo as a result of Buzzo's pretrial release violations. Based on information that Buzzo was in the company of Beckstead, U.S. Marshals twice came to Beckstead's trailer in Morgantown, West Virginia. At the time, Beckstead was working as a taxicab driver and, according to one witness, Buzzo had been seen in Beckstead's

- 2 -

cab. Beckstead denied any knowledge of Buzzo's whereabouts. A deputy Marshal advised Beckstead of the haboring statute and potential penalties he faced if he were to render any assistance to Buzzo.

Buzzo was ultimately apprehended when he arrived at a doctor's appointment on April 8, 2004. Beckstead was sitting in his cab in the parking lot outside the doctor's office and admitted that he had driven Buzzo to the appointment. According to Buzzo's companion, who was seated in the cab with Beckstead, the plan was for Beckstead to drive Buzzo to the post office to pick up his workman's compensation check, then to his doctor's appointment, and finally to Big Bear Lake in Preston County, West Virginia. Buzzo was to pay Beckstead an undisclosed amount of money for his assistance. We find this evidence sufficient to support Beckstead's conviction.

Beckstead also claims that his sentence violates his Sixth Amendment rights under United States v. Booker. Beckstead's base offense level of 19 was determined by subtracting six levels from the base offense level assigned to Buzzo in his federal drug prosecution, pursuant to U.S. Sentencing Guidelines Manual § 2X3.1(a)(1) (2003). With a criminal history category of II, Beckstead's sentencing range, without the enhancement for obstruction of justice, USSG § 3C1.1, would have been 33 to 41 months imprisonment. With the additional two-level enhancement,

Beckstead's sentencing range was 41 to 51 months. To constitute Sixth Amendment error after <u>Booker</u>, the sentence imposed must have exceeded what could have been imposed without the challenged enhancement. <u>United States v. Evans</u>, 416 F.3d 298, 300 (4th Cir. 2005). Because Beckstead's 41-month sentence did not exceed the maximum sentence authorized by the jury's verdict, we find no Sixth Amendment error. See <u>Evans</u>, 416 F.3d at 300-01.

We therefore affirm Beckstead's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>